Filed 02/18/11    Case 11-09017

2011-09017
FILED    Doc 1
February 18, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003292499

**11**

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P. O. Box 3291
Modesto, California 95353
Telephone (209) 521-8100
Facsimile (209) 524-8461
E-mail carl@cwcollinslaw.com

Attorney for Trustee
Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In re:<br><br>DELIDDO & ASSOCIATES, INC.<br>dba DEERS,<br><br>P.O. Box 187<br>Salida, CA 95368<br><br>Tax ID/EIN 77-o444949<br><br>Debtor. | Case No: 09-90452-E-7<br><br>Chapter 7 case |
| STEPHEN C. FERLMANN, Trustee<br><br>Plaintiff,<br><br>vs.<br><br>JACK P. DELIDDO,<br><br>Defendant. | Adv. Proc. No. |

**COMPLAINT TO RECOVER AVOIDABLE TRANSFERS**

Plaintiff, Stephen C. Ferlmann, Trustee in Bankruptcy respectfully represents:

## JURISDICTION AND VENUE

1. The above-entitled Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E),(F) and (O).

2. This adversary proceeding is brought pursuant to Rule 7001, et. seq. of the Federal Rules of Bankruptcy Procedure and sections 544, 547, 548, 549 and 550 of Title 11 of the United States Code ("Bankruptcy Code") and California Civil Code §§ 3439.04 and 3439.05.

3. Venue in the court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under the Bankruptcy Code which is pending in this District.

## PARTIES

4. Plaintiff, Stephen C. Ferlmann, is the duly qualified and acting Trustee of the estate of DeLiddo & Associates, Inc. dba DEERS ("Debtor"), Chapter 7 debtor in the above-captioned case.

5. Plaintiff is informed and believes that defendant, Jack P. DeLiddo, is an individual with a mailing address of 1176 Bogarin Road, Ripon, CA 95366. Plaintiff is informed and believes that Jack P. DeLiddo is the President and principal shareholder of the Debtor.

## GENERAL ALLEGATIONS

6. On February 24, 2009, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code, in the above-entitled Court.

7. On January 29, 2010, this case was converted to a case under Chapter 7, with Stephen C. Ferlmann being appointed as the Chapter 7 Trustee on February 2, 2010.

## FIRST CLAIM FOR RELIEF

### [Preferential Transfer - 11 U.S.C. § 547]

8. Plaintiff alleges that within one year prior to February 24, 2009, the date of the commencement of the Debtor's bankruptcy case, the Debtor transferred property identified in Exhibit "A" (the "Transfers") to or for the benefit of the defendant, Jack P. DeLiddo, totaling approximately $108,831.27, according to proof at trial. Plaintiff believes and alleges that the defendant, Jack P. DeLiddo, may have received additional transfers directly to or for his benefit within one year prior to commencement of the Debtor's bankruptcy case and that information regarding such transfers may need to be corrected upon further investigation. Plaintiff reserves the right to include any additional avoidable transfers to the defendant, Jack P. DeLiddo, that are hereafter discovered in this complaint and/or to amend this complaint to avoid and recover such transfers, but only to the extent the Court requires an amended complaint to be filed in order for such transfers to be avoided and recovered.

9. Plaintiff alleges that defendant, Jack P. DeLiddo, has at all relevant times been an officer, director and/or a person in control of the Debtor. As such, defendant, Jack P. DeLiddo, meets the definition of "insider" within the scope and intent of 11 U.S.C. § 101(31).

10. Plaintiff alleges that said Transfers were made for and on account of an antecedent debt owed by the Debtor to the defendant, Jack P. DeLiddo.

11. Plaintiff alleges that at the time of said Transfers, Debtor was insolvent.

12. Plaintiff alleges that the Transfers enabled the defendant, Jack P. DeLiddo, to receive more than he would have received under Chapter 7 of the Bankruptcy Code if such Transfers had not been made.

13. Plaintiff alleges that the Transfers made within one year prior to February 24, 2009, may be avoided under 11 U.S.C. § 547.

**SECOND CLAIM FOR RELIEF**

**[Unauthorized Post-Petition Transfer - 11 U.S.C. § 549]**

14. Plaintiff realleges and incorporates by reference, paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. Plaintiff is informed and believes and thereon alleges that subsequent to February 24, 2009, the date of the commencement of the Debtor's bankruptcy case, the Debtor transferred property identified in Exhibit "B" (the "Intercompany Transfers") to or for the benefit of the defendant, Jack P. DeLiddo, totaling $1,628,964.50, according to proof at trial.

16. Plaintiff alleges that said funds appear to have been paid after the commencement of the Chapter 11 bankruptcy case without prior authorization of the bankruptcy court.

17. Plaintiff alleges that pursuant to 11 U.S.C. § 549, these transfers may be avoided as unauthorized transfers of property of the estate made after the commencement of the case.

**THIRD CLAIM FOR RELIEF**

**[Fraudulent Transfer - 11 U.S.C. § 544
and California Civil Code §§ 3439.04 -.05]**

18. Plaintiff realleges and incorporates by reference,

paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Plaintiff is informed and believes and thereon alleges that the Debtor transferred property identified in Exhibit "B" (the "Intercompany Transfers") to or for the benefit of the defendant, Jack P. DeLiddo, within the last four years totaling approximately $1,628,964.50, according to proof at trial. Upon information and belief, the Intercompany Transfers consisted of the assignment of several note receivables from the defendant, Jack P. DeLiddo, to and through Clairvoyant, LLC, California New Power 2006-1, LLC and the Debtor which allegedly reduced the defendant, Jack P. DeLiddo's, outstanding obligations owed to the Debtor by $1,628,964.50. Plaintiff believes and alleges that the defendant, Jack P. DeLiddo, may have received additional transfers directly to or for his benefit within the last four years and that information regarding transfers identified in Exhibit "B" may need to be corrected upon further investigation. Plaintiff reserves the right to include any additional fraudulent transfers to the defendant, Jack P. DeLiddo, that are hereafter discovered in this complaint and/or to amend this complaint to avoid and recover such transfers, but only to the extent the Court requires an amended complaint to be filed in order for such transfers to be avoided and recovered.

20. Upon information and belief, the Intercompany Transfers were made with actual intent to hinder, delay, or defraud the Debtor's creditors.

21. Upon information and belief, the Intercompany Transfers were made without the Debtor receiving a reasonably equivalent value in exchange.

COMPLAINT TO RECOVER AVOIDABLE TRANSFERS  5

22. At the time of the Intercompany Transfers, the Debtor was insolvent.

23. At the time of the Intercompany Transfers, the defendant, Jack P. DeLiddo, was the managing member, officer, director and/or a person in control of Clairvoyant, LLC, California New Power 2006-1, LLC and the Debtor and the defendant, Jack P. DeLiddo, knew that the Debtor would not have sufficient funds to pay all of its creditors in Chapter 11.

24. The Intercompany Transfers would have been avoidable under California Civil Code §§ 3439.04 and 3439.05 by the Debtor's creditors if the Debtor had not filed for Chapter 11 relief.

25. The Intercompany Transfers may be avoided under 11 U.S.C. § 544.

### FOURTH CLAIM FOR RELIEF

### [Fraudulent Transfer - 11 U.S.C. § 548]

26. Plaintiff realleges and incorporates by reference, paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. Plaintiff is informed and believes and thereon alleges that within two years prior to February 24, 2009, the date of the commencement of the Debtor's bankruptcy case, the Debtor transferred property identified in Exhibit "B" (the "Intercompany Transfers") to or for the benefit of the defendant, Jack P. DeLiddo, within the last four years totaling approximately $1,628,964.50, according to proof at trial. Upon information and belief, the Intercompany Transfers consisted of the assignment of several note receivables from the defendant, Jack P. DeLiddo, to and through Clairvoyant, LLC, California New Power 2006-1, LLC

and the Debtor which allegedly reduced the defendant, Jack P. DeLiddo's, outstanding obligations owed to the Debtor by $1,628,964.50. Plaintiff believes and alleges that the defendant, Jack P. DeLiddo, may have received additional transfers directly to or for his benefit within the last four years and that information regarding transfers identified in Exhibit "B" may need to be corrected upon further investigation. Plaintiff reserves the right to include any additional fraudulent transfers to the defendant, Jack P. DeLiddo, that are hereafter discovered in this complaint and/or to amend this complaint to avoid and recover such transfers, but only to the extent the Court requires an amended complaint to be filed in order for such transfers to be avoided and recovered.

28. Upon information and belief, the Intercompany Transfers made within two years prior to February 24, 2009, were made with actual intent to hinder, delay, or defraud the Debtor's creditors.

29. Upon information and belief, the Intercompany Transfers made within two years prior to February 24, 2009, were made without the Debtor receiving a reasonably equivalent value in exchange.

30. At the time of the Intercompany Transfers made within two years prior to February 24, 2009, the Debtor was insolvent.

31. At the time of the Intercompany Transfers made within two years prior to February 24, 2009, the defendant, Jack P. DeLiddo, was the managing member, officer, director and/or a person in control of Clairvoyant, LLC, California New Power 2006-1, LLC and the Debtor and the defendant, Jack P. DeLiddo, knew

that the Debtor would not have sufficient funds to pay all of its creditors in Chapter 11.

32. The Intercompany Transfers made within two years prior to February 24, 2009, may be avoided under 11 U.S.C. § 548.

### FIFTH CLAIM FOR RELIEF

**[To Recover Avoidable Transfers - 11 U.S.C. § 550]**

33. Plaintiff realleges and incorporates by reference, paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. Defendant, Jack P. DeLiddo, was the initial transferee of the subject Transfers and Intercompany Transfers or the entity for whose benefit the Transfers and Intercompany Transfers were made, or is the immediate or mediate transferee of the initial transferee of such Transfers and Intercompany Transfers, or any of them.

35. Plaintiff alleges that pursuant to 11 U.S.C. § 550, the bankruptcy estate is entitled to recover, for the benefit of the bankruptcy estate, the property transferred, or, if the court so orders, the value of such property, together with interest thereon.

WHEREFORE, plaintiff prays that this Court enter a judgment as follows:

1. Pursuant to 11 U.S.C. §§ 547 and 550, for avoidance of the above-described Transfers made to defendant, Jack P. DeLiddo, totaling $108,831.27, according to proof at trial and a judgment of this court finding that defendant, Jack P. DeLiddo, has received the sums enumerated in this complaint as preferential transfers and that defendant, Jack P. DeLiddo, is obligated to

repay such sums in full to the bankruptcy estate of the Debtor forthwith;

   2.   Pursuant to 11 U.S.C. §§ 549 and 550, for avoidance of the above-described Intercompany Transfers made to or for the benefit of defendant, Jack P. DeLiddo, totaling $1,628,964.50, according to proof at trial and a judgment of this court finding that defendant, Jack P. DeLiddo, has received the sums enumerated in this complaint as unauthorized post-petition transfers and that defendant, Jack P. DeLiddo, is obligated to repay such sums in full to the bankruptcy estate of the Debtor forthwith;

   3.   Pursuant to 11 U.S.C. §§ 544, 548 and 550 and California Civil Code §§ 3439.04 and 3439.05, for avoidance of the above-described Intercompany Transfers made to or for the benefit of defendant, Jack P. DeLiddo, totaling $1,628,964.50, according to proof at trial and a judgment of this court finding that defendant, Jack P. DeLiddo, has received the sums enumerated in this complaint as fraudulent transfers and that defendant, Jack P. DeLiddo, is obligated to repay such sums in full to the bankruptcy estate of the Debtor forthwith;

   4.   For attorney's fees and costs of suit herein incurred;

   5.   For prejudgment interest at the legal rate from the date of the Transfers and Post-Petition Transfer to the entry of any judgment on this Complaint as to all Claims For Relief; and

   6.   For such other and further relief as the Court deems just and proper.

Dated: 2-18-11

Law Office of Carl W. Collins

_____
Carl W. Collins
Attorney for Plaintiff/Trustee

COMPLAINT TO RECOVER AVOIDABLE TRANSFERS                9

# EXHIBIT "A"

## Preferential Transfers

Transferee's Name: Jack P. DeLiddo

Bankruptcy Case: DeLiddo & Associates, Inc. dba DEERS Case No. 09-90452

Petition Date: February 24, 2009

| Date of Payment | Description | Amount of Payment |
|---|---|---|
| 05-31-08 | Misc. | $ 111.69 |
| 06-30-08 | Misc. | 111.69 |
| 06-30-08 | Net proceeds from sale of company autos | 30,000.00 |
| 07-31-08 | Misc. | 111.69 |
| 08-14-08 | JD repayment of Baker Project Bond deposit | 78,000.00 |
| 08-31-08 | Misc. | 99.24 |
| 09-30-08 | Misc. | 99.24 |
| 10-31-08 | Misc. | 99.24 |
| 11-30-08 | Misc. | 99.24 |
| 12-31-08 | Misc. | 99.24 |

Total Transfers - 10

**Total Amount**        $108,831.27

# EXHIBIT "B"

## Intercompany Transfers

Transferee's Name:　　Jack P. DeLiddo

Bankruptcy Case:　　DeLiddo & Associates, Inc. dba DEERS
　　　　　　　　　　　Case No. 09-90452

Petition Date:　　　February 24, 2009

| Date of Payment | Description | Amount |
|---|---|---|
| Unknown - 2009 | Assignment of note receivable from Clairvoyant to Debtor | $845,000.00 |
| Unknown - 2009 | Assignment of note receivable from California New Power, LLC ("CNP") to Debtor | 7,462.07 |
| Unknown - 2009 | Assignment of note receivable from CNP to Debtor | 776,502.43 |

Total Transfers - 3

**Total Amount**　　　$1,628,964.50

COMPLAINT TO RECOVER AVOIDABLE TRANSFERS　　　11