Filed 10/24/11   Case 11-09017   Doc 124

FILED
October 24, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003854087

10

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 106
P. O. Box 3291
Modesto, CA 95353
Telephone: (209) 521-8100
Facsimile: (209) 524-8461 fax
E-mail: carl@cwcollinslaw.com

Attorneys for Trustee
Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In re:<br><br>DeLiddo & Associates, Inc., dba Deers,<br><br>P.O. Box 187<br>Salida, CA 95368<br><br>Tax ID/EIN 77-0444959<br><br>      Debtor. | Case No: 09-90452-E-7<br><br>Chapter 7 Case |
| Stephen C. Ferlmann, Trustee<br><br>      Plaintiff,<br><br>  vs.<br><br>Jack P. DeLiddo,<br><br>      Defendant. | Adv. Proc. No. 11-09017<br><br>D.C. No. CWC-1<br><br><br>Date:  December 7, 2011<br>Time:  10:30 a.m.<br>Place: Modesto Courtroom<br>       Department E |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

To: The Honorable Ronald H. Sargis, U.S. Bankruptcy Judge:

Stephen C. Ferlmann, Plaintiff/Trustee herein, pursuant to Federal Rules of Bankruptcy Procedure 7036, 7056 and Local Rule of Practice 7056-1 moves the Court for summary judgment against Defendant, Jack P. DeLiddo, and requests that this Court render

judgment for the Plaintiff for all of the relief set forth in Plaintiff's Complaint To Recover Avoidable Transfers (11 U.S.C. §§ 544, 547, 548, 549 and 550 and California Civil Code §§ 3429.04 and 3439.05).

### GROUNDS FOR RELIEF

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. The Plaintiff is entitled to summary judgment because, as more fully shown in the Declarations of Carl W. Collins and Melissa Morena, there is no genuine issue of material fact that needs to be tried in this adversary proceeding:

    (a) This motion arises under 11 U.S.C. §§ 544, 547, 548, 549 and 550 and California Civil Code §§ 3429.04 and 3439.05 to avoid and recover preferential, fraudulent and unauthorized transfers in the amount of $1,737,795.77 made by the Debtor to the Defendant, as an insider, within one year prior to the commencement of the case on February 24, 2009; and

    (b) Defendant has failed to respond to Plaintiff's Request for Admissions Set No. 1 which was served by first class mail on Defendant, by and through his counsel of record, on July 21, 2011, thus admitting all the elements of the preferential, fraudulent and unauthorized transfers and admitting facts which bar all Defendant's claimed affirmative defenses.

3. Plaintiff is entitled to summary judgment against Defendant pursuant to Federal Rules of Civil Procedure 36 and 56 as made applicable by Federal Rules of Bankruptcy Procedure 7036

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 2

and 7056. Rules 7036 and 7056 provide that requests for admissions are deemed admitted unless they are denied within 30 days after service of the request. Further, any matter admitted under Federal Rule of Civil Procedure 36 is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." By failing to respond to Plaintiff's Request for Admissions Set No. 1, Defendant has admitted that the transfers which are the subject of this adversary proceeding were in fact preferential, fraudulent and unauthorized and has admitted facts which bar any affirmative defenses raised in Defendant's Answer.

**STATEMENT OF UNDISPUTED FACTS**

4. Plaintiff commenced an adversary proceeding against Defendant on February 18, 2011, to recover avoidable transfers made by Debtor to Defendant by filing and serving the Summons and Complaint on Defendant by first class U.S. Mail on March 1, 2011.

5. On or about April 7, 2011, Defendant's counsel requested an extension of time to respond to the Complaint, which was granted by Plaintiff's counsel.

6. On May 10, 2011, Defendant filed an Answer to the Plaintiff's Complaint denying the substantive allegations of the Complaint and raising the following affirmative defenses: 1) that the complaint failed to state a claim upon which relief could be granted, 2) that the complaint failed to comply with Federal Rule of Civil Procedure 19(a)(1) in that required parties had not been joined, and 3) any transfers from the Debtor to the Defendant were for contemporaneous exchange or new value and not on account antecedent debts.

7. On May 19, 2009, Defendant was served by mail, through his counsel, with Plaintiff's Request for Admissions Set No. 1. (Documents No. 22 and 23).

8. Prior to bringing this Motion, Plaintiff's attorney, Carl W. Collins, contacted Defendant's attorney, David C. Johnston, by letter dated September 13, 2011, seeking to have the Defendant either seek relief from the deemed admissions or to stipulate that the matters set out in Plaintiff's Request for Admissions Set No. 1 were admitted by Defendant. A copy of the letter is annexed to the List of Exhibits filed concurrently herewith.

9. To date, Defendant has not filed a response to Plaintiff's Request for Admissions Set No. 1 within the time allowed under Federal Rule of Bankruptcy Procedure 7036 or moved for withdrawal or amendment of the resulting deemed admissions.

### STATEMENT OF UNDISPUTED FACTS

10. Based upon the deemed admissions, Defendant, Jack P. DeLiddo, has admitted the following facts:

　a. that each of the payments the Debtor made by the check(s) or electronic funds transfers identified in Exhibit "A" to Plaintiff's Complaint totaling $108,831.27 constitutes a transfer from Debtor to Defendant;

　b. that each of the payments the Debtor made by the check(s) or electronic funds transfers identified in Exhibit "A" to Plaintiff's Complaint constitutes a transfer of an interest in property of the Debtor;

　c. that Defendant was a creditor of the Debtor at the time the transfers identified in Exhibit "A" to Plaintiff's Complaint were made to Defendant;

d.   that each of the payments the Debtor made by the check(s) or electronic funds transfers identified in Exhibit "A" to Plaintiff's Complaint was a transfer of an interest in property of the Debtor made to Defendant or for the benefit of Defendant;

    e.   that the transfers identified in Exhibit "A" to Plaintiff's Complaint were made for or on account of an antecedent debt the Debtor owed to Defendant at the time the transfers identified in Exhibit "A" to Plaintiff's Complaint were made;

    f.   that each of the transfers identified in Exhibit "A" to Plaintiff's Complaint were made while the Debtor was insolvent;

    g.   that each of the transfers identified in Exhibit "A" to Plaintiff's Complaint were made within one (1) year prior to the commencement of the Chapter 7 case;

    h.   that Defendant is and at all relevant times was an officer, director, and the majority shareholder of the Debtor;

    i.   that the transfers identified in Exhibit "A" to Plaintiff's Complaint enabled Defendant to receive more than Defendant would otherwise have received in this Chapter 7 case;

    j.   that the transfers identified in Exhibit "A" to Plaintiff's Complaint enabled Defendant to receive more than Defendant would otherwise have received if the transfers had not been made;

    k.   that the transfers identified in Exhibit "A" to Plaintiff's Complaint enabled Defendant to receive more than Defendant would otherwise have received if Defendant received payment on account of the debt(s) to the extent provided by provisions of Title 11, United States Code;

l. that the transfers identified in Exhibit "A" to Plaintiff's Complaint were not intended by the Debtor and Defendant to be a contemporaneous exchange for new value given to the Debtor;

m. that the transfers identified in Exhibit "A" to Plaintiff's Complaint were not in fact substantially contemporaneous exchanges;

n. that Defendant did not give new value to or for the benefit of the Debtor after the date Defendant received any of the transfers identified in Exhibit "A" to Plaintiff's Complaint;

o. that each of the transfers identified in Exhibit "A" to Plaintiff's Complaint was not made in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant;

p. that each of the transfers identified in Exhibits "A" to Plaintiff's Complaint was not made in the ordinary course of business or financial affairs of the Debtor and Defendant;

q. that each of the transfers Identified in Exhibit "A" to Plaintiff's Complaint was not made according to ordinary business terms;

r. that Defendant received the cash or cash equivalent from the transfers made by the checks identified in Exhibits "A" to Plaintiff's Complaint;

s. that there is no witness who can testify in support of the allegations and contentions set forth in the each of the four Affirmative Defenses stated in the Defendant's Answer;

t. that Defendant has not documentary evidence to support the allegations and contentions set forth in the four Affirmative Defenses stated in the Defendant's Answer;

 u. that Defendant was the "initial transferee" of the transfers identified in Exhibit "A" to Plaintiff's Complaint;

 v. that Defendant was the entity for whose benefit the transfers identified in Exhibits "A" to Plaintiff's Complaint were made;

 w. that Defendant was the "immediate" or "mediate transferee" of the initial transferee of the transfers identified in Exhibit "A" to Plaintiff's Complaint;

 x. that Defendant negotiated and deposited into Defendant's bank account the transfers identified in Exhibit "A" to Plaintiff's Complaint or the cash or cash equivalent;

 y. that Defendant is not a secured creditor of the Debtor;

 z. that Defendant does not hold a lien or security interest in any asset of the Debtor;

 aa. that each of the assignments of the notes receivable the Debtor made to Defendant identified in Exhibit "B" to Plaintiff's Complaint constitutes a transfer from Debtor to the Defendant;

 bb. that each of the assignments of notes receivable the Debtor made to Defendant identified in Exhibit "B" to Plaintiff's Complaint constitutes a transfer of an interest of the Debtor in property;

 cc. that each of the assignments of notes receivable the Debtor made to Defendant identified in Exhibit "B" to Plaintiff's Complaint was a transfer of an interest in property of the Debtor to Defendant or for the benefit of Defendant;

 dd. that Defendant was the "initial transferee" of each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT  7

    ee.  that Defendant was the "immediate" or "mediate transferee" of the initial transferee of each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint;

    ff.  that Debtor was insolvent on the date of each of the assignments of notes receivable the Debtor made as identified in Exhibit "B" to Plaintiff's Complaint;

    gg.  that Defendant did not have a lien against property of the Debtor at the time of each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint;

    hh.  that each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" To Plaintiff's Complaint was made with actual intent to hinder, delay, or defraud the Debtor's creditors;

    ii.  that each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint was made without the Debtor receiving a reasonably equivalent value in exchange;

    jj.  that at the time that each of the assignment of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint was made that Defendant knew that the Debtor would not have sufficient funds with which to pay all of its creditors;

    kk.  that Defendant received each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint for Defendant's own personal use and benefit;

11. that Defendant's acts relating to each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint were done intentionally, maliciously, fraudulently, and/or oppressively, with a willful and conscious oppression, fraud, or malice;

mm. that Defendant fraudulently authorized each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint for Defendant's own benefit, which funds were entrusted to Defendant's care by virtue of Defendant's position of employment with the Debtor;

nn. that the Debtor made the assignments of notes receivable to Defendant as identified in Exhibit "B" to Plaintiff's Complaint after the commencement of the Debtor's bankruptcy case; and

oo. that each of the assignments of notes receivable the Debtor made to Defendant as identified in Exhibit "B" to Plaintiff's Complaint were made without the Debtor obtaining authorization from the Bankruptcy Court.

11. Defendant is indebted to Plaintiff in the amount of $1,737,795.77, together with interest at the statutory rate from the date of the filing of this Complaint on February 18, 2011 until paid plus costs in the amount of $250.00 for an adversary proceeding filing fee.

12. On these undisputed facts, Plaintiff has established each of the elements of an avoidable preference, fraudulent and unauthorized transfers. There are no issues as to any material fact, and Plaintiff is entitled to summary judgment as a matter of law.

**CONCLUSION**

On these undisputed facts, Plaintiff prays that this Court grant summary judgment against Defendant pursuant to Federal Rules of Civil Procedure 36 and 56 as made applicable by Federal Rules of Bankruptcy Procedure 7036 and 7056 and enter a judgment against the Defendant pursuant to 11 U.S.C. §§ 544, 547, 548, 549 and 550 and California Civil Code §§ 3429.04 and 3439.05 in the amount of $1,737,795.77, together with pre-judgment interest at the statutory rate from February 18, 2011 until paid plus costs of $250.00 incurred herein.

Dated: 10-19-11

Respectfully Submitted,

Law Office of Carl W. Collins

_____
Carl W. Collins
Attorney for Plaintiff
Stephen C. Ferlmann, Trustee